UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEREK COPPER and MITCHELL RAIFE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAVALRY STAFFING, LLC. And ENTERPRISE HOLDING, INC. and TRACY LEE HESTER, in his individual and professional capacities,<br><br>Defendants. | Case No: 14-CV-3676 |

**REPLY BRIEF ON MOTION TO DISMISS BY DEFENDANTS CAVALRY STAFFING AND TRACY LEE HESTER**

FISHER & PHILLIPS LLP
430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974
Phone: (908) 516-1050
Fax: (908) 516-1051
Attorneys for Defendants
Cavalry Staffing, LLC and
Tracy Lee Hester

On the Brief:
Kathleen McLeod Caminiti, Esq.
David J. Treibman, Esq.

TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................................1

LEGAL ARGUMENT.....................................................................................................................2

    I.      Plaintiffs Fail to State a Wage Statement Claim (Sixth Claim for Relief) ................2

    II.     Plaintiffs Fail to State a Minimum Wage Claim (Second and Fourth Claims for Relief) ......................................................................................................................3

    III.    Plaintiffs Fail to State an Overtime Claim (First and Third Claims for Relief) ........................................................................................................6

    IV.    Plaintiffs Lack Standing to Seek Injunctive Relief....................................................9

CONCLUSION................................................................................................................................10

**Preliminary Statement**

All of plaintiffs' attempts in their Second Amended Complaint (generally, "Complaint") to state claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") fail. Plaintiffs fail to state a wage statement claim under the NYLL (Sixth Claim for Relief) because the wage statements defendants Cavalry Staffing, LLC, and Tracy Lee Hester ("Cavalry Defendants") have submitted show they complied with the law. Plaintiffs' contention that the wage statements are "extraneous evidence" that cannot be considered on this Rule 12(b)(6) motion is at least borderline frivolous, since the Complaint refers to the statements repeatedly and plaintiffs necessarily relied on them in preparing the Complaint. Plaintiffs fail to state a minimum wage claim under the FLSA or NYLL (Second and Fourth Claims for Relief) because the Complaint's allegations do not show that the average hourly wage of either plaintiff fell below the federal or state minimum in any workweek. Plaintiffs fail to state a claim for unpaid overtime under the FLSA or NYLL (First and Third Claims for Relief) because the Complaint's allegations do not adequately specify any "particular" or "given" workweek in which plaintiffs worked overtime hours but were not paid for it. Plaintiffs do not dispute that they fail to state a claim for "failure to pay wages in violation of the NYLL" (Fifth Claim for Relief). Accordingly, the Complaint fails to state any claims upon which relief can be granted and should be dismissed, in its entirety, under Federal Rule of Civil Procedure 12(b)(6).

The Cavalry Defendants also showed in their moving brief that plaintiffs, as alleged *former* employees of defendants, lack standing to seek injunctive or declaratory relief against them. In their opposition papers, plaintiffs do not even address the standing issue. The Court should therefore dismiss the Complaint under Rule 12(b)(1), for lack of subject matter jurisdiction, to the extent plaintiffs seek injunctive or declaratory relief.

Finally, because the Court has ruled that the Second Amended Complaint would be plaintiffs' last opportunity to file a pleading (ECF Entry for 12/4/2014), the Court should dismiss it with prejudice.

## Legal Argument

**I.    Plaintiffs Fail to State a Wage Statement Claim (Sixth Claim for Relief).**

Plaintiffs' Sixth Claim for Relief, headed "Failure to Furnish Proper *Wage Statements* in Violation of the NYLL" (emphasis added), asserts that defendants "failed to furnish Plaintiffs ... with accurate *wage statements*" as required under New York Labor Law §195(3) (Compl. ¶¶98-99; emphasis added), and alleges that "[o]n each occasion when they paid [either plaintiff], the Defendants failed to furnish [them] with an accurate and/or complete *wage statement*, as every *wage statement* that the Defendants provided to [them] failed to" list certain information (Compl. ¶¶50, 60; emphasis added).  In support of their motion to dismiss, the Cavalry Defendants submitted representative *wage statements* of plaintiffs for the Court's consideration, in order to show that they were legally compliant. (Cavalry Defs.' 1/30/2015 Br. ("Defs.' Br.") at 3-4; Decl. of Nicole Palmer ("Palmer Decl.") ¶¶3-4 & Exs. A, B.)

Plaintiffs act as if that was some sort of surprise to them, calling the wage statements "extraneous evidence" that the Court must not consider on a Rule 12(b)(6) motion.  Chutzpah, indeed, and just plain wrong.  It is well-established (and the cases plaintiffs themselves cite say) that where a plaintiff relies on a document, but chooses not to attach it to the complaint, "the defendant may produce [it] when attacking the complaint for its failure to state a claim, because plaintiff should not so easily be allowed to escape the consequences of its own failure." *Cortec Indus., Inc. v. Sum Holdings L.P.*, 949 F.2d 42, 47 (2d Cir. 1991), *cert. denied*, 503 U.S. 960 (1992).  On a Rule 12(b)(6) motion, a court may consider "materials referred to in the plaintiff's

complaint and central to her claim" or "documents upon which the plaintiff's complaint necessarily relies"; a court does "not err by considering [a] document where it was referred to in the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 n.3 (2d Cir. 2002) (internal quotation marks and ellipses omitted). *See also, e.g., Levy v. Southbrook Int'l Invs., Ltd.*, 263 F.3d 10, 13 n.4 (2d Cir. 2001) ("it was appropriate for the district court to refer to the documents attached to the motion to dismiss since the documents were referred to in the complaint") *cert. denied*, 535 U.S. 1054 (2002); Defs.' Br. at 3 (citing & quoting cases).

Perhaps recognizing how problematic their argument is, plaintiffs contend, in the alternative, that "even were the Court to consider Defendants' extraneous material," it does not rebut plaintiffs' allegation that the wage statements were not "accurate and/or complete." (Pl.'s Br. at 30-31, quoting Compl. ¶¶50, 60.) Plaintiffs' unwillingness or inability to say, either in the Complaint or in their brief, just how the wage statements are inaccurate or incomplete reveals the Complaint's allegations as merely conclusory – "bare assertions" that "amount to nothing more than a formulaic recitation of the elements of [plaintiffs'] claim" that are "not entitled to be assumed true," *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (internal quotation marks omitted), and that cannot prevent dismissal under Rule 12(b)(6), *id.* at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Plaintiffs' Sixth Claim for Relief should accordingly be dismissed.

**II.     Plaintiffs Fail to State a Minimum Wage Claim (Second and Fourth Claims for Relief).**

"An employee cannot state a claim for a minimum wage violation 'unless [his] average hourly wage falls below the federal [or state] minimum wage.'" *Johnson v. Equinox Holdings, Inc.*, No. 13-6313, 2014 U.S. Dist. LEXIS 91786, at *7-8 (S.D.N.Y. July 2, 2014) (quoting *Lundy*

*v. Catholic Health Sys. of L.I. Inc.*, 711 F.3d 106, 115 (2d Cir. 2013)).[1] To survive a Rule 12(b)(6) motion, a complaint must permit the court to determine the plaintiff's average hourly wage, and whether it met the legal minimum, by "dividing his *total remuneration for employment* ... in any workweek by the *total number of hours actually worked by him in that workweek*." *Id.* at *8 (internal quotation marks omitted; emphasis added); *Casci*, 2015 U.S. Dist. LEXIS 1500, at *9 (complaint's allegations must allege facts "such that a simple arithmetical calculation can be used to determine the amount owed per pay period"). As the Cavalry Defendants showed in their moving brief, the Complaint fails to meet this standard. (*See* Defs.' Br. at 8-10.)

In response, plaintiffs contend there is a "rebuttable presumption" that an employee's weekly salary is intended to cover only "the first 40 hours of an employee's work-week" and that any hours worked beyond the first 40 without additional compensation are, as a consequence, presumptively uncompensated, in violation of the minimum wage laws. (Pl.'s Br. at 28; internal quotation marks omitted). That is not the law in the Second Circuit. Rather, "[t]he establishment of an FLSA [or NYLL] minimum wage violation depends on the *total pay for the workweek* divided by the *total number of hours worked in that workweek*"; "no minimum wage violation occurs so long as the *total wage* paid to an employee in any given *workweek* divided by the *total hours worked in the workweek* equals or exceeds the applicable minimum wage." *Hart v. Crab Addison, Inc.*, No. 13-6458, 2014 U.S. Dist. LEXIS 85916, at *36 (W.D.N.Y. June 24, 2014) (internal quotation marks omitted; emphasis added). This long-established rule is called the "*Klinghoffer* rule," after the 55-year old Second Circuit decision in *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487 (2d Cir. 1960), that is widely-followed throughout the country.

---

[1] FLSA and NYLL claims are subject to the same standard. *Casci v. Nat'l Fin. Network, LLC*, No. 13-1669, 2015 U.S. Dist. LEXIS 1500, at *10 (E.D.N.Y. Jan. 7, 2015).

*See, e.g., Hart*, 2014 U.S. Dist. LEXIS 85916, at *35-36 (collecting cases); *Monger v. Cactus Salon & Spa's LLC*, No. 08-1817, 2009 U.S. Dist. LEXIS 60066, at *2 (E.D.N.Y. July 6, 2009) ("to show a federal minimum-wage violation, an employee must show that her *weekly* pay divided by the *number of hours she worked in that week* yielded an hourly rate for the whole week that was lower than the statutory minimum") (some emphasis added).

In *Klinghoffer*, the employer temporarily and illegally convinced security guards to work overtime hours without compensation. At that time, the minimum wage was $1.00 per hour. "[N]o guard received less than $67.20 for a 40-hour week, and no guard worked more than 67 hours. Thus, the average weekly wage received by the employee met the requirements" of the FLSA. 285 F.2d at 490. All that is necessary for minimum-wage compliance, the court held, is that "the total weekly wage paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the *number of hours actually worked* that week multiplied by *the minimum hourly statutory requirement*." *Id.* (emphasis added). As long as that requirement is met, the FLSA is not violated, even "if the parties by agreement treat all of that [weekly] wage as being paid for part of the work and regard certain other work as done for nothing." *Id.*

Plaintiffs, while citing *Klinghoffer* in passing, do not mention the *Klinghoffer* rule. The only other decisions plaintiffs cite from within the Second Circuit were issued by district courts and either address overtime rather than minimum wage issues, or else show no awareness of the *Klinghoffer* rule. The only decision plaintiffs cite that rejects the *Klinghoffer* rule is from the District of Massachusetts, *Norceide v. Cambridge Health Alliance*, 814 F. Supp. 2d 17, 23 (D. Mass. 2011), which is outside the Second Circuit, and therefore, irrelevant since *Klinghoffer*

5

controls within the Second Circuit. *See, e.g., United States v. Khan*, 591 F. Supp. 2d 166, 168 n.1 (E.D.N.Y. 2008) (noting "court is bound by Second Circuit precedent").

As the Cavalry Defendants showed in their moving brief, under the *Klinghoffer* rule, plaintiff Minto pled himself out of court, since he alleges he was paid $525 per week and worked 55 hours per week: $525 per week divided by 55 hours per week yields a $9.55 hourly wage, which significantly exceeds both the federal and state minimum wages in effect during Minto's employment. (Defs.' Br. at 8-9.) Copper's allegations fail because they do not enable the Court to determine his average hourly wage in any workweek. (Defs.' Br. at 9-10.) In addition, the very wage statements Copper relies on and the Cavalry Defendants submitted show that Copper was, in fact, always paid more than the federal and state minimum wage. (Defs.' Br. at 10.)

Neither plaintiff, therefore, adequately alleges that his "weekly pay divided by the number of hours []he worked in that week yielded an hourly rate for the whole week that was lower than the statutory minimum." *Monger*, 2009 U.S. Dist. LEXIS 60066, at *2. The Second and Fourth Claims for Relief should accordingly be dismissed.

### III.     Plaintiffs Fail to State an Overtime Claim (First and Third Claims for Relief).

Plaintiffs' insistence that the Second Amended Complaint's allegations are sufficient to state overtime claims is simply wrong. To successfully state an overtime claim, a complaint "must sufficiently allege 40 hours of work *in a given workweek* as well as some uncompensated time in excess of the 40 hours," *Lundy*, 711 F.3d at 114 (emphasis added); that plaintiff "was denied overtime pay" in a "*particular week*," *id.* at 115 (emphasis added); "plaintiffs must allege overtime without compensation *in a given workweek*", *DeJesus v. HF Mgmt. Servs., Inc.*, 726 F.3d 85, 90 (2d Cir. 2013) (emphasis added), *cert. denied*, 1345 S. Ct. (2014); plaintiffs must provide "sufficient detail" to "support a reasonable inference that they worked more than forty hours *in a*

*given week*," *Nakahata v. N.Y. Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) (emphasis added).

The Complaint, however, alleges Copper worked "a minimum of forty-two and one-half hours per week" and "as many as sixty-nine hours per week" (Compl. ¶42), and that Minto "at all times throughout his employment as a full-time employee" worked "fifty-five hours per week" (Compl. ¶56). These allegations are insufficiently specific to survive a Rule 12(b)(6) motion. *See, e.g., Lundy*, 711 F.3d at 114-15 (alleging the hours that plaintiff "typically" worked insufficient); *Nakahata*, 723 F.3d at 199 (alleging the hours plaintiffs "regularly worked" insufficient); *DeJesus*, 726 F.3d at 89 (alleging what plaintiffs did in "some or all weeks" insufficient); *Bustillos v. Academy Bus, LLC*, No. 13-565, 2014 U.S. Dist. LEXIS 3980, at *3, 10-11 (S.D.N.Y. Jan. 13, 2014) (plaintiff's allegation that he "would regularly work from 60 to 90 hours per week" insufficient); *Spiteri v. Russo*, No. 12-2780, 2013 U.S. Dist. LEXIS 128379, at *211 (E.D.N.Y. Sept. 7,. 2013) (allegation that plaintiff "worked approximately fifty (50) to (60) [sic] hours per week" insufficient); *Gisomme v. Healthex Corp.*, No. 13-2541, 2014 U.S. Dist. LEXIS 67588, at *6 (E.D.N.Y. May 15, 2014) ("allegation of an 'average' of 50 hours or more is insufficient"); *Perkins v. 199 SEIU United Healthcare Workers E.*, No. 14-1681, 2014 U.S. Dist. LEXIS 131236, at *25-26 (S.D.N.Y. Sept. 17, 2014) (allegation that "[a]t all relevant times" plaintiff "was assigned and actually worked more than 40 hours per week" insufficient).

The Complaint also alleges that Copper worked unpaid overtime during the workweeks beginning July 1, 2013 and November 25, 2013, calling these two weeks "representative" (Compl. ¶¶43-44) without describing how that is so. Plaintiffs seem to think it is the Calvary Defendants' problem to "attempt to argue why these two weeks cannot reasonably be deemed as 'representative.'" (Pls.' Br. at 23.) But plaintiffs are placing the burden on the wrong party. It is

7

up to plaintiffs, as the pleaders, to file a complaint showing they are entitled to relief. Fed.R.Civ.P. 8(a)(2); *Iqbal*, 556 U.S. at 677-78. Plaintiffs cannot do that simply by applying the label "representative" to their allegation with nothing more. "A pleading that offers 'labels and conclusions' ... will not do," *Iqbal*, 556 U.S. at 678, and a court is "not required to credit conclusory allegations," *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).

Moreover, the Cavalry Defendants submitted with their motion Copper's pay records for the weeks of July 1 and November 25, 2013, which show that in fact Copper did *not* work overtime those weeks and *was* paid for the hours he worked. (Palmer Decl. ¶¶6-7 & Exs. C, D.) Once again, plaintiffs complain that these are "extraneous documents" that the Court should not consider. (Pls.' Br. at 23-24.) But once again, plaintiffs may not "escape the consequences of [their] own failure" to attach to their complaint the documents they relied on in framing it, *Cortec*, 949 F.2d at 47; *see also, e.g., L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) ("Plaintiffs' failure to include matters of which as pleaders they had notice and which were integral to their claim – and that they apparently most wanted to avoid – may not serve as a means of forestalling the district court's decision on a [Rule] 12(b)(6) motion") (internal quotation marks omitted), especially since those documents show that the Complaint's allegations concerning Copper are not correct, *see, e.g., NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 149 n.1 (2d Cir. 2012) (complaint's allegations not assumed true when "contradicted" by "documentary evidence"), *cert. denied*, 133 S. Ct. 1624 (2013).

Plaintiffs accordingly fail to state claims for unpaid overtime and the First and Third Claims for Relief should therefore be dismissed.

**IV.     Plaintiffs Lack Standing to Seek Injunctive Relief.**

The Complaint alleges that plaintiffs ended their employment with defendants in January 2014. (Compl. ¶¶39, 53.) As the Cavalry Defendants showed in their moving brief, "[f]ormer employees lack standing to obtain injunctive relief because they are no longer affected by the challenged [employer] policies, and an injunction would do nothing to remedy their past injuries." (Defs.' Br. at 12, quoting *Oakley v. Verizon Commc'ns*, No. 09-9175, 2012 U.S. Dist. LEXIS 12975, at *41 (S.D.N.Y. Feb. 1, 2012)). The same is true for declaratory relief. (Defs.' Br. at 12, citing *Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 465-66 (S.D.N.Y. 2013). The United States Supreme Court agrees. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2559-60 (2011) (noting that "plaintiffs no longer employed by Wal-Mart lack standing to seek injunctive or declaratory relief against its employment practices") (quoted in Defs.' Br. at 12).

Plaintiffs do not address their lack of standing. Instead, they cite two inapposite cases: *Parker v. Time Warner Entertainment Co.*, 331 F.3d 13 (2d Cir. 2003), which addresses whether the district court properly denied class certification under Federal Rule of Civil Procedure 23(b)(2); and *Benitez v. Demco of Riverdale, LLC*, No. 14-Civ.-7074 (S.D.N.Y. Feb. 19, 2015) (Ex. B to McGuire Decl.), which refers to the plaintiffs there as "individuals who ... *are or were*" employees of defendants, slip op. at 1 (emphasis added).

Since the Complaint demonstrates that plaintiffs lack standing to seek injunctive or declaratory relief, the Second Amended Complaint should be dismissed for lack of subject matter jurisdiction to the extent it seeks to obtain such relief. *See, e.g.,* Fed.R.Civ.P. 12(b)(1); *Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 228 (2d Cir. 2012); *Lujan v. Defendants of Wildlife*, 504 U.S. 555, 561 (1992).

**Conclusion**

The Second Amended Complaint fails to state any claims upon which relief can be granted. Plaintiffs fail to state a wage statement claim because the wage statements the Cavalry Defendants have submitted show they were legally compliant. Plaintiffs fail to state a minimum wage claim because there is no indication in the Complaint that their average hourly wage in any workweek fell below the federal or state minimum. Plaintiffs fail to state an overtime claim because the Complaint does not adequately allege they worked unpaid overtime in any "particular" or "given" workweek. Plaintiffs do not even try to argue that they state a claim for "failure to pay wages in violation of the NYLL." The Complaint should accordingly be dismissed, in its entirety, under Rule 12(b)(6). In addition, as only *former* employees of defendants, plaintiffs lack standing to seek injunctive or declaratory relief, and to the extent the Complaint seeks such relief it should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

Finally, because the Court has ruled that the Second Amended Complaint would be plaintiffs' final chance to plead, dismissal of that Complaint should be with prejudice.

              Respectfully submitted,

              FISHER & PHILLIPS LLP
              Attorneys for Defendants
              Cavalry Staffing, LLC and
              Tracy Lee Hester
              430 Mountain Avenue, Suite 303
              Murray Hill, New Jersey 07974
              Phone: (908) 516-1050
              Fax: (908) 516-1051
              Email: kcaminiti@laborlawyers.com

              By: s/Kathleen McLeod Caminiti
                KATHLEEN McLEOD CAMINITI

Dated: March 16, 2015