UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DEREK COPPER and LESLIE MINTO,
on behalf of themselves and all others similarly-situated,

                 *Plaintiffs*,

    -against-                                           Docket No.: 14-cv-3676-FB-RLM

CAVALRY STAFFING, LLC, and
ENTERPRISE HOLDINGS, INC., and
TRACY LEE HESTER,
in his individual and professional capacity,

                 *Defendants*.
-------------------------------------------------------------------X

CAVALRY STAFFING, LLC, and DAVID STANLEY,
individually, *ex rel*., BORRELLI & ASSOCIATES,
P.L.L.C.,

                 *Third-Party Plaintiffs,*

    -against-

FLEET STAFF, INC., and RONALD HEINEMAN,
individually,

                 *Third-Party Defendants.*
-------------------------------------------------------------------X

**THIRD-PARTY PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE MANN'S
REPORT AND RECOMMENDATION TO DENY THIRD-PARTY PLAINTIFFS'
<u>MOTION FOR DEFAULT JUDGMENT</u>**

Alexander T. Coleman, Esq. (AC 8151)
Frank J. Tantone, Esq. (FT 3474)
Michael J. Borrelli, Esq. (MB 8533)
BORRELLI & ASSOCIATES, P.L.L.C.
*Third-Party Plaintiffs*
910 Franklin Avenue, Suite 200
Garden City, New York 11530
(516) 248-5550

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii - iii

I.   PRELIMINARY STATEMENT ........................................................................................ 1

II.  MAGISTRATE JUDGE MANN'S REPORT AND RECOMMENDATION ...................... 2

III. APPLICABLE LEGAL STANDARD ................................................................................ 4

IV.  ARGUMENT ...................................................................................................................... 4

   A. This Court Should Sustain B&A's Objections to the R&R Because the R&R Relies Upon the *Herman* Factors That Do Not Apply to B&A's Contractual Indemnification Claim .... 4

   B. This Court and Others Have Enforced Similar Claims of Contractual Indemnification ...... 7

   C. Contractual Indemnity Clauses are Enforceable Between Joint Employers ...................... 10

V.   CONCLUSION ................................................................................................................. 12

## TABLE OF AUTHORITIES

**Cases** Page(s)

*Alvarez v. Keane*,
 92 F. Supp. 2d 137 (E.D.N.Y. 2000) ............................................................................. 4

*Amaya v. Garden City Irrigation, Inc.*,
 2011 WL 564721 (E.D.N.Y. Feb. 15, 2011) ....................................................... 3, 7, 8, 9

*Barrentine v. Arkansas-Best Freight Sys., Inc.*,
 450 U.S. 728 (1981) ........................................................................................................ 8

*Bogosian v. All Am. Concessions*,
 2011 WL 4460362 (E.D.N.Y. Sept. 26, 2011) ........................................................ 5, 7, 9

*Diallo v. Whole Foods Mkt. Grp., Inc.*,
 2019 WL 140728 (S.D.N.Y. Jan. 9, 2019) ..................................................................... 4

*Fernandez v. Kinray, Inc.*,
 2014 WL 12778829 (E.D.N.Y. Feb. 5, 2014) ................................................................ 6

*Garcia v. Cloister Apt Corp.*,
 2018 WL 1353274 (S.D.N.Y. Mar. 15, 2018) ......................................................... 11-12

*Goodman v. Port. Auth. of N.Y. & N.J.*,
 850 F. Supp. 2d 363 (S.D.N.Y. 2012) ............................................................................ 6

*Gustafson v. Bell Atlantic Corp.*,
 171 F. Supp. 2d 311 (S.D.N.Y. 2001) ...................................................................... 5, 11

*Haynes v. Ocean Hosps., Inc.*,
 2013 WL 12358481 (S.D. Fla. Jan. 14, 2013) ......................................................... 10, 11

*Herman v. RSR Security Servs.*,
 172 F.3d 132 (2d Cir. 1999) .................................................................................. *passim*

*Itzep v. Target Corp.*,
 2010 WL 2278349 (W.D. Tx. June 4, 2010) ............................................................... 10

*Lyle v. Food Lion, Inc.*,
 954 F.2d 984 (4th Cir. 1992) ........................................................................................ 11

*Mitropoulos v. 401 Sunrise Corp.*,
   2019 WL 2452348 (E.D.N.Y. June 12, 2019) ............................................................... 6

*Paganas v. Total Maint. Solution, LLC*,
   220 F. Supp. 3d 247 (E.D.N.Y. 2016) ............................................................... 7, 8, 9

*Pichardo v. EL Mismo Rincon Latino Corp.*,
   2018 WL 4100480 (E.D.N.Y. Aug. 28, 2018) ............................................................... 4

*Sanchez-Ramirez v. Masters Food Serv. Inc.*,
   2017 WL 3600423 (S.D.N.Y. Aug. 18, 2017) ............................................................ 7-8

*St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*,
   409 F.3d 73 (2d Cir. 2005) ........................................................................................ 5-6

*Varnell, Struck & Assoc. Inc. v. Lowe's Companies, Inc.*,
   2008 WL 1820830 (W.D.N.C. Apr. 21, 2008) ............................................................. 11

**Statutes**

28 U.S.C. § 636(b)(1)(C) ................................................................................................. 4

**Rules**

Fed. R. Civ. P. 55 ............................................................................................................ 1

Fed. R. Civ. P. 72 ............................................................................................................ 4

**Regulations**

29 C.F.R. § 791.2 ........................................................................................................... 10

I. **PRELIMINARY STATEMENT**

Third-Party Plaintiff Borrelli & Associates, P.L.L.C. ("B&A") hereby submits the following objections to Magistrate Judge Roanne L. Mann's Report and Recommendation ("R&R"), dated August 11, 2020. *See* Dkt. No. 286. On April 2, 2020, B&A, standing in the shoes of Defendant Cavalry Staffing, LLC and David Stanley, individually (collectively as "Cavalry"), moved for default judgment with respect to its third-party complaint against Third-Party Defendants Fleet Staff, Inc. and Ronald Heineman, individually (collectively as "Third-Party Defendants" or "Fleet"), pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 55(a) and Local Rule 55.2 of the United States District Courts for the Southern and Eastern Districts of New York. *See* Dkt. No. 280. On April 3, 2020, this Court referred the motion to Judge Mann for an R&R. On April 30, 2020, Judge Mann ordered B&A to show cause why its motion for default judgment should not be denied for failure to demonstrate that its breach of contract claim entitles it to relief. *See* Dkt. No. 281. Specifically, Judge Mann's Order to Show Cause questioned whether controlling precedent prohibits an employer from entering into an agreement with a third-party to contractually indemnify itself with respect to claims arising under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). *See id.*

On May 29, 2020, B&A timely filed its response to the Order to Show Cause ("Response"). *See* Dkt. No. 284. In it, B&A argued that Judge Mann's concerns were ill-founded for three main reasons. First, while the Second Circuit's holding in *Herman v. RSR Security Servs.* unequivocally establishes that there is no <u>statutory</u> right to indemnification pursuant to the FLSA, it is equally clear that *Herman* is completely silent as to the question of indemnification pursuant to a <u>contractual agreement</u> between parties. 172 F.3d 132 (2d Cir. 1999). Second, the absence of any controlling authority as to the question of contractual indemnity is critical as several courts within

1

the Second Circuit, including this Court in a prior case, have held in cases following *Herman* that contractual indemnification of FLSA/NYLL liability *is* permissible. And third, while no court within the Second Circuit has specifically addressed the issue of contractual indemnification between joint employers in the FLSA/NYLL context, courts in other circuits have held that such agreements are permissible because they do not offend public policy, as they do in situations involving employers attempting to avoid liability from putative employees, and because the Code of Federal Regulations contemplates such a contractual provision.

Notwithstanding these arguments, on August 11, 2020, Judge Mann issued the R&R, and in it recommended that this Court deny B&A's motion for failure to state a claim upon which relief can be granted. B&A now files these objections.

**II.     MAGISTRATE JUDGE MANN'S REPORT AND RECOMMENDATION**

Specifically, the R&R concluded that B&A's breach of contract claim was based upon an unenforceable contractual indemnification clause in a wage-and-hour case. The R&R first relies upon *Herman*. In doing so, the R&R points to several factors addressed in *Herman* that resulted in the Second Circuit holding that there is no right to statutory contribution or indemnification for employers found liable under the FLSA.[1] First, the text of the FLSA does not provide for indemnification or contribution. *See id.* at 144. Second, employers are not members of the class for whose benefit the FLSA was enacted. *See id.* Third, the remedial scheme within the FLSA weighs against contribution and indemnification. *See id.* And fourth, the legislative history of the statute is silent with respect to a right to contribution or indemnification. *See id.*

However, while the R&R concedes that *Herman*'s reasoning does not address contractual indemnification agreements, but rather only statutory indemnification under the FLSA, it

---

[1] While *Herman* decided this issue under the FLSA, it was silent regarding the issue as far as the NYLL is concerned.

2

nevertheless concludes that "the opinion's reasoning applies with equal force to the right of an employer to enter into a contract for indemnification from liability." *See* Dkt. No. 286, at pp. 10-11. Thus, Judge Mann acknowledges that the R&R's conclusion is not actually compelled by any binding authority, meaning Judge Mann implicitly acknowledges that any district court is free to resolve this issue as it deems fit. B&A agrees with that tacit recognition in full.

Next, the R&R claims that "the vast majority of other district courts to have addressed the issue have followed *Herman*'s reasoning in concluding that contractual indemnity provisions for FLSA claims are unenforceable." *See* Dkt. No. 286, at p. 9. In doing so, Judge Mann pays short shrift to this Court's decision in *Amaya v. Garden City Irrigation, Inc.*, 2011 WL 564721, at *5 (E.D.N.Y. Feb. 15, 2011) (Block, *J.*), which concluded oppositely, and despite the R&R's cursory attempt to distinguish this matter from *Amaya*, the cases are square on all fours. In fact, at least two other courts within the Second Circuit have found, as this Court did in *Amaya*, that contractual indemnification claims in this context are enforceable.

Finally, the R&R also errs in concluding that contractual indemnity clauses such as the one at issue here are unenforceable between joint employers. In doing so, the R&R claims that a joint employer may not contract out of liability in favor of another joint employer because doing so would purportedly give employers little to be concerned with regarding compliance with the FLSA (and presumably the NYLL), to the detriment of their employees. *See* Dkt. No. 286, at pp. 14-15. But this ignores that far from being contrary to public policy, Cavalry and Fleet simply agreed to split any liability arising out of this case, and nothing in that agreement prevents B&A, or any employee, from seeking 100% of any damages owed from Cavalry directly, leaving Cavalry to then seek reimbursement from Fleet under their accord.

For the foregoing reasons, and as explained in further detail below, this Court should sustain B&A's objections to Judge Mann's R&R and grant its motion for default judgment.

## III. APPLICABLE LEGAL STANDARD

A district court must review *de novo* any part of a magistrate judge's report and recommendation that has been properly and timely objected to when it concerns a decision regarding a dispositive motion. Fed. R. Civ. P. 72; *see also Pichardo v. EL Mismo Rincon Latino Corp.*, 2018 WL 4100480, at *1 (E.D.N.Y. Aug. 28, 2018) (Block, *J.*) (applying *de novo* review concerning a motion for default judgment); *Alvarez v. Keane*, 92 F. Supp. 2d 137, 139 (E.D.N.Y. 2000) (Block, *J.*) (applying *de novo* review concerning a petition for writ of habeas corpus). In conducting its review of a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Diallo v. Whole Foods Mkt. Grp., Inc.*, 2019 WL 140728, at *4 (S.D.N.Y. Jan. 9, 2019) (citing 28 U.S.C. § 636(b)(1)(C)). Therefore, because these objections concern the R&R's recommendation that B&A's dispositive motion for default judgment be denied and that its third-party complaint be dismissed for failure to state a claim, *de novo* review applies here.

## IV. ARGUMENT

### A. This Court Should Sustain B&A's Objections to the R&R Because the R&R Relies Upon the *Herman* Factors That Do Not Apply to B&A's Contractual Indemnification Claim

The R&R mistakenly applied the four factors from *Herman* in determining whether B&A's motion for default judgment should be granted. These factors are grounded in the statutory language and legislative history of the FLSA.[2] *See* Dkt. No. 286, pp. 8-9. They are inapplicable

---

[2] Again, *Herman* is silent regarding the issue of indemnification - - statutory or otherwise - - pursuant to the NYLL.

4

here because B&A's third-party complaint alleges contractual indemnification based on Cavalry's and Fleet's contract and amendment thereto and is not based on the language or remedial scheme within the FLSA or the NYLL. *See* Dkt. No. 280.

Even though the R&R acknowledges that *Herman* does not address contractual indemnification, it nevertheless makes the leap in claiming that the case applies with "equal force to the right of an employer to enter into a contract for indemnification from liability." *See* Dkt. No. 286, p. 11. In doing so, the R&R erroneously relies on numerous cases that should not influence this Court's decision of sustaining B&A's objections and granting its motion for default judgment.

For example, the court in *Gustafson v. Bell Atlantic Corp.* extended the *Herman* factors to apply to the contractual indemnification issue there under the FLSA and the NYLL, but only for the specific reason of preventing employers from relying on contractual indemnification provisions to shift their losses to their employees, which would "flout the purpose of the statute." 171 F. Supp. 2d 311, 328 (S.D.N.Y. 2001). This is a critical difference from the case at hand, and one that the R&R does not properly address, as here, again, B&A, and/or any employees, would have every right to recover the full amount of the judgment from Cavalry directly, leaving Cavalry to then seek its contractual remedies from Third-Party Defendants. Thus, the R&R's focus on a potential threat to the plaintiff-employees, as well as Cavalry's ability to escape from liability to or shift liability onto them, is not a concern. *See id.* Indeed, to the contrary, the third-party action seeks to protect the recovery already granted to the employees here, of which their attorneys' fees were a large part. The only relevant effect of the contractual indemnification provision is that it permits B&A to seek the remainder of the recovery from Third-Party Defendants directly. *See, e.g., Bogosian v. All Am. Concessions*, 2011 WL 4460362, at *4 (E.D.N.Y. Sept. 26, 2011) (citing *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 86 (2d Cir. 2005)) (holding

5

that "indemnity contracts that simply shift the source of compensation without restricting the injured party's ability to recover" are not contrary to public policy as long as they do not indemnify a party for damages flowing from intentional causation of injury).[3]

Similarly, *Goodman v. Port. Auth. of N.Y. & N.J.*, 850 F. Supp. 2d 363 (S.D.N.Y. 2012), is also inapplicable to this case. There, the court focused on the implications of "employers having little reason to be concerned over . . . compliance with the statutorily mandated . . . requirements of the FLSA." *Id.* at 389. But as noted in subsequent cases like *Fernandez v. Kinray, Inc.*, *Goodman* extended *Herman*'s rationale <u>only</u> to cases involving contractual indemnification provisions that would shift employers' losses "<u>to their employees</u>." 2014 WL 12778829, at *6 (E.D.N.Y. Feb. 5, 2014) (emphasis added). Again, that is not the case here.

Moreover, in *Mitropoulos v. 401 Sunrise Corp.*, also relied upon by the R&R, the court issued a narrow ruling pursuant to the FLSA and the NYLL that an individual defendant who had not filed for bankruptcy protection "is legally foreclosed from seeking indemnification" from a co-defendant entity/employer who had filed for Chapter 11 protection. 2019 WL 2452348, at *1 (E.D.N.Y. June 12, 2019). Indeed, the opinion only references *Herman* one time regarding its prohibition of <u>statutory</u> indemnification claims pursuant to the FLSA or the NYLL when the bankruptcy of at least one party is involved. *See id.* at *1. Thus, it has no application in this case, which does not involve any bankruptcy proceedings.

In sum, absent the specific circumstances and policy considerations cited above, which do not exist here, *Herman*'s reasoning should not be extended to the case at hand.

---

[3] Here, there has of course been no finding or admission of any intentional injury. Indeed, in the Class Settlement Agreement and Release, which this Court approved, the parties agreed that, "Defendants have denied and continue to deny all of the material allegations made by Plaintiffs in the Litigation and have denied and continue to deny that they are liable or owe damages to anyone with respect to the alleged facts or claims asserted in the Litigation." *See* Dkt. No. 253-4, p.3, ¶3.

6

### B. This Court and Others Have Enforced Similar Claims of Contractual Indemnification

At least three district courts within the Second Circuit have enforced claims of contractual indemnification in cases similar to this one. *Paganas v. Total Maint. Solution, LLC*, 220 F. Supp. 3d 247, 263 (E.D.N.Y. 2016); *Bogosian*, 2011 WL 4460362, at *3-4; *Amaya*, 2011 WL 564721, at *5. The R&R does not successfully distinguish this case from any of those.

Beginning with *Amaya*, there, this Court analyzed two separate state law claims for contractual indemnification to determine which entities would be obligated to pay any recovery to the plaintiff-employees in an FLSA/NYLL action. 2011 WL 564721, at *1. Importantly, this Court ultimately granted summary judgment enforcing a contractual indemnity clause between a defendant-employer and a third-party bonding company with respect to unpaid wages under the FLSA and the NYLL. *Id*. at *3. Therefore, this Court has previously approved of the very plan that B&A outlined in its status report of October 28, 2019. *See* Dkt. No. 269.

In attempting to distinguish *Amaya*, Judge Mann argued that the granting of summary judgment on the sureties' indemnification claim brought about a result that is purportedly the opposite of the result sought by B&A here, namely the supposed escaping of liability by Cavalry. *See* Dkt. No. 286, at p.12. Judge Mann concluded that the contractual indemnification claim in *Amaya* was consistent with the purposes of relevant wage statutes, implying that B&A's desired result here runs afoul of the purposes of the FLSA and the NYLL. *Id.* This is simply wrong, as the present case, like *Amaya*, does not involve an employer's attempt to flout the FLSA and the NYLL by contracting to "escap[e] liability for violations of the FLSA and NYLL." *See* Dkt. No. 286, at p. 12. Instead, this third-party action seeks to recover, from an <u>alternative</u> source, a part of the judgment that was awarded to the class of employees in this case - - specifically their attorneys' fees, *see Sanchez-Ramirez v. Masters Food Serv. Inc.*, 2017 WL 3600423, at *3 (S.D.N.Y. Aug.

7

18, 2017) ("attorney's fees obtained by statutory authority belong to the client, not counsel") - - namely a third-party with whom the employer, Cavalry, has contracted. Critically, Cavalry does not, nor has it ever throughout the course of the litigation, asserted an argument seeking to limit or avoid its own liability to B&A and the class of employees <u>directly</u>. The indemnification provision here simply permits B&A to pursue the remaining half of the judgment that belongs to the class of employees from another pocket - - the Third-Party Defendants - - which is consistent with the FLSA's purpose of ensuring that workers are actually compensated with a fair day's pay for a fair day's work. *See Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) ("the FLSA was designed to give specific minimum protections to individual workers and to ensure that each employee covered by the Act would receive a fair day's pay for a fair day's work and would be protected from the evil of overwork as well as underpay") (internal quotations omitted). Thus, the agreement here is plainly consistent with the policy underlying the applicable statutes of making sure that employees are justly and actually compensated, just as was so in *Amaya*, and the R&R does not at all explain how the opposite is so. Plainly, if this Court believed such an agreement to be permissible in *Amaya*, there is no reason to rule differently here.

Similarly, the court in *Paganas* found that the indemnification provision there was enforceable within the context of an employee's claims arising under the FLSA and the NYLL. 220 F. Supp. 3d 247, 249 (E.D.N.Y. 2016), *vacated on unrelated grounds*, 726 F. App'x 851 (2d Cir. 2018). There, the court stated that the indemnification clause was enforceable because it unambiguously and specifically contemplated the employer indemnifying the university, with which the employer contracted for cleaning services, for third-party claims that an employee may bring against the employer. *Id.* at 247, 263. The court also noted that the parties had reason to believe that the employer might face lawsuits by its employees regarding their employment while

8

working on the university campus, and specifically provided for this in the indemnification clause. *Id.* at 263. The R&R asserts that the court in *Paganas* did not enforce a claim for contractual indemnification, but only granted the third-party defendants' motion for summary judgment dismissing that claim. *See* Dkt. No. 286, at p. 10, n. 5. However, in granting that motion, the court in *Paganas* still held that the contractual indemnification provision was enforceable – the court simply ruled that indemnification ran to, and not from, the university, contrary to the parties' previous claims. 220 F. Supp. 3d at 263. Thus, this case supports granting B&A's default motion.

In *Bogosian*, the court also held that the indemnification provision at issue was enforceable. 2011 WL 4460362, at *3-4. There, plaintiffs brought a putative class and collective action pursuant to the FLSA and the NYLL to recover allegedly unpaid wages. *Id.* at *1. The defendant-concession stand contracted with co-defendant-restaurant to provide certain goods on the subject worksite. *Id.* The court found that the concession stand agreed to indemnify the restaurant for liability, as well as the restaurant's reasonable attorneys' fees, arising out of claims for, *inter alia*, the payment of wages required under federal and state law. *Id.* The R&R makes only one passing mention of this case but makes no attempt to distinguish it from the facts of this case. *See* Dkt. No. 286, at p. 10. Indeed, the *Bogosian* opinion further strengthens the case for B&A's objections because the agreement and amendment here unambiguously express the parties' intent to split liability for a judgment in this case.Just as in those three cases, the parties here contemplated Fleet indemnifying Cavalry for claims related to unpaid wages pursuant to the FLSA and the NYLL that employees in this case brought against Cavalry. For the same reasons that the indemnification provisions were valid and enforceable in *Paganas* and *Bogosian*, and in *Amaya*, this Court should sustain B&A's objections to the R&R and grant its motion for default judgment based on the enforceable indemnification provision.

9

### C. Contractual Indemnity Clauses are Enforceable Between Joint Employers

The R&R compounds its errors in extending *Herman*'s rationale to this case and endangering the plaintiff-employees' recovery in the process, by also concluding that the third-party action should be dismissed because contractual indemnity clauses are unenforceable between joint employers. While neither the Second Circuit nor any court within the Second Circuit has specifically dealt with the issue of contractual indemnification between joint employers in FLSA actions, the issue was squarely addressed in *Haynes v. Ocean Hosps., Inc.*, 2013 WL 12358481, at *1 (S.D. Fla. Jan. 14, 2013). According to the court in *Haynes*, "*Herman* did not hold that co-employers could not contractually allocate liability amongst themselves." *Id.* (citing *Itzep v. Target Corp.*, 2010 WL 2278349, at *23 (W.D. Tx. June 4, 2010)). On the contrary, it held that "joint employers could, without contravening the purpose of the FLSA, contractually agree to allocate their respective risks, even if that is through an indemnification agreement." 2013 WL 12358481, at *6. The *Haynes* court cited two main reasons for this.

> First, the *Haynes* court found it crucial that 29 C.F.R. § 791.2 provides that:
>
>> In discharging the joint obligation each employer may, of course, take credit toward minimum wage and overtime requirements for all payments made to the employee by the other joint employer or employers.

2013 WL 12358481, at *7 (citing 29 C.F.R. § 791.2). Thus, "[b]ecause the regulations contemplate an allocation between joint employers . . . '<u>the FLSA does not preempt a contractual agreement between joint employers</u> concerning the allocation of risk and obligation under the FLSA.'" *Id.* (quoting *Itzep*, 2010 WL 2278349, at *24) (emphasis added). Conspicuously, the R&R does not mention 29 C.F.R. § 791.2 even once when discussing *Haynes*, in particular, or the issue of joint employers, generally. *See generally* Dkt. No. 286, at pp. 14-16. As a result, it does not fully address the joint employment issue at hand.

10

Second, the *Haynes* court found that "an indemnity agreement between joint employers is not repugnant to public policy." *Id.* (citing *Varnell, Struck & Assoc. Inc. v. Lowe's Companies, Inc.*, 2008 WL 1820830, at *10 (W.D.N.C. Apr. 21, 2008)). Significantly, analogous to the facts in the present case, the *Varnell* court recognized that:

> To enter into an agreement to have VSA defend and indemnify Lowe's is no more offensive to public policy than to allow Lowe's to obtain insurance coverage for such risk. Further, an agreement to defend and indemnify is not an avoidance of liability for Lowe's inasmuch as it would remain obligated to the employees on any judgment they may obtain. It would be up to Lowe's to secure from VSA reimbursement. Thus, if VSA were insolvent, the employees would lose nothing.

2008 WL 1820830, at *10. Indeed, "[w]hile it would be 'unconscionable for an employer to escape liability for unlawful labor practices by having the employee agree to indemnify the employer for FLSA violations . . . that same public policy concern is not present where co-employers allocate liability between themselves pursuant to a contract." *Haynes*, 2013 WL 12358481, at *7 (citing *Lyle v. Food Lion, Inc.*, 954 F.2d 984 (4th Cir. 1992); *Varnell*, 2008 WL 1820830, at *10).

The R&R misapplies the *Haynes* and *Varnell* cases when addressing public policy issues because it mistakenly claims, once again, that based on these cases, granting B&A's motion for default judgment would be "repugnant to the FLSA." *See* Dkt. No. 286, p. 15. Similarly, the R&R again mistakes the impact of cases within the Second Circuit in the context of joint employers as well. *See* Dkt. No. 286, at pp. 14-16. For example, Judge Mann notes that *Gustafson* "expressly assumed that the plaintiff's company was a joint employer in ruling that the defendant could not enforce an indemnification clause against the plaintiff's company and thereby avoid FLSA or NYLL liability." *See* Dkt. No. 286, at p. 14 (citing *Gustafson*, 171 F. Supp. 2d at 328). Additionally, Judge Mann contends that in *Garcia v. Cloister Apt Corp.*, the court dismissed the contractual indemnification cross-claim among joint employers because to hold otherwise "would

11

permit employers to contract away their obligations under the FLSA, a result that flouts the purpose of the statute." *See* Dkt. No. 286, at p. 14 (citing 2018 WL 1353274, at *2 (S.D.N.Y. Mar. 15, 2018)).

However, as explained herein, granting B&A's motion for default would not violate any statutory or legislative ideal of the FLSA because no party is attempting to shift losses to their employees via contractual indemnification to avoid liability. Indeed, again, Cavalry remains liable to B&A (and the class) directly for the remaining half of the judgment and will be so until that amount is paid in full. Again, the contractual provision here simply permits B&A to seek this other half from Third-Party Defendants instead. Thus, no party would be escaping liability if this Court sustained B&A's objections to the R&R and granted its motion for default judgment. Respectfully, this Court should do exactly that.

**V.     CONCLUSION**

For the reasons set forth above, this Court should sustain B&A's objections to Judge Mann's R&R and grant its motion for default judgment.

Dated: Garden City, New York
       September 3, 2020

Respectfully submitted,

_____
Alexander T. Coleman, Esq. (AC 8151)
Frank J. Tantone, Esq. (FT 3474)
Michael J. Borrelli, Esq. (MB 8533)
BORRELLI & ASSOCIATES, P.L.L.C.
*Third-Party Plaintiffs*
910 Franklin Avenue, Suite 200
Garden City, New York 11530
Tel.   (516) 248-5550
Fax.   (516) 248-6027
