```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
DEREK COPPER, et al.,

             Plaintiffs,                                    MEMORANDUM AND ORDER
                                                            Case No. 14-CV-3676 (FB) (RLM)
      -against-

CAVALRY STAFFING, LLC, et al.,

             Defendants.
---------------------------------------------------x
BORRELLI & ASSOCIATES, P.L.L.C.,

             Third-Party Plaintiff,

      -against-

FLEET STAFF, INC. and RONALD E.
HEINEMAN,

             Third-Party Defendants.
---------------------------------------------------x
```

**BLOCK, Senior District Judge:**

Magistrate Judge Mann has issued a report and recommendation ("R&R") recommending that the Court deny the third-party plaintiff's motion for a default judgment against the third-party defendants. The third-party plaintiff timely objected to the R&R, triggering the Court's *de novo* review. *See* 28 U.S.C. § 636(b)(1). For the following reasons, the Court sustains the objection.

1

# I

The factual and procedural background of what began as a wage-and-hour class action are set out in the R&R.  To summarize:  Shortly before suit was filed, the main defendant, Cavalry Staffing, LLC ("Cavalry"), sold all of its assets to Fleet Staff, Inc. ("Fleet").  Despite the sale, Cavalry continued to defend the suit on its own behalf.  At some point, however, Cavalry and Fleet agreed to a "50/50 split" of any liability to the plaintiffs.

The plaintiffs and Cavalry reached a settlement, which the Court approved in February 2018.  Pursuant to the settlement, Cavalry was to pay $460,000 by April 13, 2018.  On that date, its counsel informed plaintiffs' counsel that Cavalry could not make the required payment.  After the Court intervened, Cavalry paid $230,000, which the parties agreed would first be distributed to class members.

While attempting to collect the remaining $230,000, plaintiffs' counsel learned of Fleet's purchase of Cavalry.  After first seeking an order requiring Fleet to turn over its share of the "split liability," plaintiffs' counsel, Borelli & Associates, P.L.L.C. ("Borelli"), ultimately agreed to an assignment of Cavalry's claim against Fleet for breach of contract.  The Court approved the assignment and, without expressing any opinion as to the merits of the claim, granted Borelli leave to file a third-party complaint against Fleet and its owner, Robert Heineman.  After both

2

third-party defendants defaulted, the Court referred Borelli's motion for a default judgment for a report and recommendation.

## II

Magistrate Judge Mann recommended denying the motion because Cavalry's claim against Fleet for breach of contract was "an unenforceable contractual indemnification claim in a wage-and-hour case." R&R at 16. Borelli argues that this conclusion was erroneous.

In *Herman v. RSR Security Services Ltd.*, 172 F.3d 132 (2d Cir. 1999), the Second Circuit held that "[t]here is no right of contribution or indemnification for employers found liable under the FLSA." *Id*. at 144. All agree, however, that *Herman* dealt with claims for contribution and indemnification directly under the FLSA. The question in this case is whether the statute also bars claims for *contractual* indemnification. *Herman* is silent on that question.

As Magistrate Judge Mann correctly noted, several district courts in the circuit have extended *Herman* to claims for contractual indemnification. That line of cases traces its origins to *Gustafson v. Bell Atlantic Corp.*, 171 F. Supp. 2d 311 (S.D.N.Y. 2001). The Court finds *Gustafson* distinguishable.

The plaintiff in *Gustafson* was initially a chauffeur working for a limousine company that contracted with the defendant. The defendant eventually required the plaintiff and other chauffeurs "to form their own corporations, which were

3

required to carry workers' compensation, unemployment compensation and non-owners liability insurance." *Id.* at 317. The plaintiff complied and formed a corporation; "at all times [he] was its sole owner, officer and employee." *Id.* The defendant then contracted with the plaintiff, with the contract requiring the plaintiff to indemnify the defendant for any losses "caused by the performance of any services or the providing of any materials under this agreement." *Id.* at 327 n.7.

The plaintiff sued the defendant under the FLSA, successfully arguing that he had been misclassified as an independent contractor. *See id.* at 326 ("[W]e conclude, as a matter of law, that plaintiff was an employee of the Company for FLSA purposes."). The defendant then attempted to negate that success by invoking the contractual indemnity provision. The court quite sensibly rebuffed the attempt: "Allowing indemnification in cases such as this would permit employers to contract away their obligations under the FLSA, a result that flouts the purpose of the statute." *Id.* at 328.

Two facts distinguish this case from *Gustafson*. First, the indemnity agreement in *Gustafson* would have put the liability for its noncompliance with the FLSA on the plaintiff—the very party invoking the statute's protection. The agreement between Cavalry and Fleet does no such thing. To the contrary, as the plaintiffs' collection efforts attest, the agreement benefitted the plaintiffs by

4

making available another source of funds to satisfy an obligation that Cavalry could not.

Second, the agreement between Cavalry and Fleet does not incentivize flouting the FLSA. The Court questions whether any typical indemnity agreement does so; after all, employers regularly seek to manage their risk of liability through bonds and insurance policies. *See, e.g.*, *Amaya v. Garden City Irrigation, Inc.*, 645 F. Supp. 2d 116 (E.D.N.Y. 2009). The Court hesitates to call these commonplace arrangements unenforceable in the FLSA context.

In any event, the agreement between Cavalry and Fleet is not a typical indemnity agreement, in that it was not intended to shift a future liability. Rather, Cavalry and Fleet were both aware of a pending lawsuit and mutually agreed to share liability for it as part of their purchase agreement. Nothing about the agreement suggests that Cavalry was attempting to avoid its obligations under the FLSA. Indeed, absent the agreement, Fleet could arguably have been liable for the entire settlement amount under a theory of successor liability. *See New York State Elec. & Gas Corp. v. FirstEnergy Corp.*, 766 F.3d 212, 227 (2d Cir. 2014) (noting that successor liability can attach when "there was a consolidation or merger of seller and purchaser").

5

## III

For the foregoing reasons, the Court sustains Borelli's objection and, so, declines to adopt the R&R's recommendation that its third-party complaint be dismissed. The matter is recommitted to Magistrate Judge Mann for further proceedings on Borelli's motion for a default judgment on that complaint.

**SO ORDERED**.

      /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 16, 2021