UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
DEREK COPPER, et. al.

               Plaintiffs,

  -against-

CAVALRY STAFFING, LLC, et al.,

               Defendant.
------------------------------------------------x

BORRELLI & ASSOCIATES, P.L.L.C.,

               Third-party Plaintiff,

  -against-

FLEET STAFF, INC. and RONALD E. HEINEMAN,

               Third-party Defendants.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:14-cv-3676-FB

**BLOCK, Senior District Judge:**

      On July 27, 2021, Magistrate Judge Roanne L. Mann issued a Report and Recommendation ("R&R") recommending that the motion for default judgement filed by third-party plaintiff Borrelli & Associates, P.L.L.C. ("B&A") be granted and that B&A be awarded judgment in the amount of $229,816.77, plus pre-judgment interest at the rate of nine percent per annum from June 28, 2019 through

1

the date of entry of final judgment, and post-judgment interest pursuant to 28 U.S.C. § 1961(a). Magistrate Judge Mann also concluded that both third-party defendant Fleet Staff, Inc. (Fleet) and third-party defendant Ronald E. Heineman ("Heineman") are liable for the awarded judgement.

On a motion for default judgment, factual allegations that the plaintiff makes in the complaint must be sufficient to establish a right to relief. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011). Magistrate Judge Mann concluded that B&A established an action for breach of contract by adequately pleading: (1) the existence of a contract between third-party defendant Fleet and Cavalry Staffing, LLC, et. al. ("Cavalry"); (2) performance of the contract by Cavalry; (3) breach of the contract by Fleet by failing to pay the balance of damages owed in this action; and (4) damages suffered by B&A because of the breach. *See Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir. 2015) (listing elements of breach of contract).

In addition, Magistrate Judge Mann concluded that Heineman, the owner and CEO of Fleet, is jointly and severally liable in his personal capacity for Fleet's breach of contract. Under New York law, the corporate veil may be pierced if an individual exercised control over the corporation with respect to the transaction at issue, and this control was used to commit the wrong for which damages are sought. *See MAG Portfolio Consult, GMBH v. Merlin Biomed Grp*. LLC, 268 F. 3d 58, 63

(2d Cir. 2001). Heineman exercised complete dominion over Fleet by intermingling the corporation's funds with his personal funds and by transacting for Fleet at his sole discretion.

If clear notice has been given of the consequences of failing to object and there are no objections, the Court may adopt the R&R without de novo review. *See Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (internal citations omitted). The Court will excuse the failure to object and conduct de novo review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F .3d 162, 174 (2d Cir. 2000). No such error appears here. Accordingly, the Court adopts the R&R without de novo review and directs the Clerk to enter judgment in accordance with the R&R.

**SO ORDERED.**

    /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 25, 2021